**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN RUBY, individually, and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-01152-JAR |
| | ) | |
| BUILD-A-BEAR WORKSHOP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BUILD-A-BEAR WORKSHOP, INC.'S
ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES
TO PLAINTIFF'S "CLASS ACTION PETITION"**

COMES NOW Defendant Build-A-Bear Workshop, Inc. ("Defendant" or "BABW"), by and through undersigned counsel, and hereby files its Answer and Affirmative and Additional Defenses to the "Class Action Petition" (hereinafter, the "Complaint"), filed by Benjamin Ruby ("Plaintiff"):[1]

**"INTRODUCTION"**

1.      The allegations contained in Paragraph 1 of the Complaint consist of legal conclusions and purported characterizations of Plaintiff's claims to which no response is required. To the extent a response is deemed required, BABW admits only that the Complaint purports to assert alleged violations of the Telephone Consumer Protection Act (the "TCPA") and its regulations. BABW denies that it violated the TCPA and its regulations, and denies any and all

---

[1] BABW refers to the "Class Action Petition," originally filed in the Circuit Court of St. Louis County, Missouri, as a "Complaint" to be consistent with the language of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 7(a)(1).

liability to Plaintiff and the putative class. BABW denies any remaining allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 are legal conclusions to which BABW is not required to respond. To the extent a response is deemed required, BABW states that the TCPA and the Congressional Record purportedly referenced in Paragraph 2 speaks for themselves, are the best evidence of their respective contents, and BABW denies any allegations and purported characterizations in Paragraph 2 that are inconsistent therewith. BABW lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 2, and therefore denies the same.

3. The allegations in Paragraph 3 are legal conclusions to which BABW is not required to respond. To the extent a response is deemed required, BABW states that the TCPA and its regulations speak for themselves, are the best evidence of their contents, and BABW denies any allegations and purported characterizations in Paragraph 3 that are inconsistent therewith. BABW denies any remaining allegations in Paragraph 3.

4. BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5. The allegation in paragraph 5 that BABW violated the TCPA and its regulations is a legal conclusion to which BABW is not required to respond. To the extent a response is deemed required, BABW denies that it violated the TCPA and its regulations, and denies all liability to Plaintiff. BABW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies the same.

6. The allegations in Paragraph 6 are legal conclusion to which BABW is not required to respond. To the extent a response is deemed required, BABW admits only that Plaintiff purports

to bring this action under the TCPA individually and on behalf of a putative class. BABW denies that it engaged in any "wrongful conduct," denies Plaintiff has stated a cause of action against BABW or is entitled to any relief or redress whatsoever, and further denies that this action is appropriate for class certification.

## **"PARTIES"**

7.      BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the same.

8.      BABW admits that it is a corporation organized under the laws of the State of Delaware, and that it maintains offices at 1954 Innerbelt Business Center Drive, St. Louis, Missouri 63114. The remaining allegations in Paragraph 8 are legal conclusions to which BABW is not required to respond.

## **"JURISDICTION AND VENUE"**

9.      BABW admits only that it maintains offices and conducts business in St. Louis County, including marketing and selling plush animals and toys. BABW denies any remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 regarding personal jurisdiction are legal conclusions to which BABW is not required to respond. To the extent a response is deemed required, BABW admits only that it maintains offices in, and conducts business in, the State of Missouri. BABW denies all other allegations in Paragraph 10, including, without limitation, the vague and conclusory allegation that BABW "committed the acts described below" and "otherwise has sufficient minimum contacts with the State of Missouri."

11.     The allegations in Paragraph 11 regarding venue are legal conclusions to which BABW is not required to respond. To the extent a response is deemed required, BABW denies all

allegations in paragraph 11. Responding further, this Court is the "district court of the United States for the district and division within which" the state-court action was pending at the time BABW filed its Notice of Removal. *See* 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.07(A)(1).

## "FACTUAL ALLEGATIONS"

12. BABW admits only that it sells and markets plush animals and toys. Responding further, BABW's website and its 2020 Form 10-K purportedly referenced in Paragraph 12 speak for themselves, are the best evidence of their respective contents, and BABW denies any allegations or characterizations inconsistent therewith. BABW is without knowledge or information sufficient to form a belief as to the truth of the vague, conclusory, and ambiguous allegation that it "maintains a database with information about more than 10 million consumers," and therefore denies the same.

13. BABW admits only that the Federal Trade Commission maintains a national do-not-call registry with which individuals may register telephone numbers. BABW is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 13, and therefore denies the same.

14. BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15. BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16. BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17. BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

23.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies the same.

24.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the same.

25.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 regarding Plaintiff's alleged "efforts to opt out of text messages," and therefore denies the same.  BABW denies the remaining allegations in Paragraph 29.

30.     BABW states that its "Global Privacy Policy" purportedly quoted in Paragraph 30 speaks for itself, is the best evidence of its contents, and BABW denies any allegations or characterizations that are inconsistent therewith.  BABW denies any remaining allegations in Paragraph 30.

31.     BABW denies that it violated its "Global Privacy Policy."  Responding further, BABW is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and therefore denies the same.

32.     BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

## "**CLASS ACTION ALLEGATIONS**"

33.     BABW incorporates its responses to all other Paragraphs of the Complaint as if fully stated herein.

34.     BABW admits only that Plaintiff purports to bring this action on behalf of himself and a putative class.  BABW denies that Plaintiff is a proper or appropriate representative of the putative class, denies that the definition of the putative class contained in Paragraph 34 of the Complaint is proper, and denies that this action is appropriate for class certification.  BABW denies any remaining allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35 does not purport to assert any factual allegations to which BABW is required to respond.  As such, no response is required.  To the extent a response is deemed required, BABW denies the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW denies the allegations in paragraph 36.

37.     The allegations in Paragraph 37 (including all subparagraphs) are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW denies all allegations in Paragraph 37 (including all subparagraphs).

38.     The allegations in Paragraph 38 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW denies all allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW denies all allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW denies all allegations in Paragraph 40, including, without limitation, the allegation that any of the putative class members have claims against BABW.

41.     The allegations in Paragraph 41 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW denies all allegations in Paragraph 41.

**[Alleged] VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227, et seq.)**
**(Individually and on Behalf of the [Alleged] National Do Not Call Registry Class)"**

42.     BABW incorporates its responses to all preceding Paragraphs of the Complaint as if fully stated herein.

43.     The allegations in Paragraph 43 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW states that the TCPA speaks for itself, is the best evidence of its contents, and BABW denies any allegations or characterizations inconsistent therewith.  BABW denies any remaining allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW states that the sources referenced or cited in Paragraph 44 speak for themselves, are the best evidence of their respective contents, and BABW denies any allegations or characterizations inconsistent therewith. BABW denies any remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW states that the TCPA and its regulations speak for themselves, are the best evidence of their respective contents, and BABW denies any allegations or characterizations inconsistent therewith.  BABW denies any remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 are legal conclusions to which BABW is not required to respond.  To the extent a response is deemed required, BABW states that the TCPA speaks for itself, is the best evidence of its contents, and BABW denies any allegations or

characterizations inconsistent therewith. BABW denies any remaining allegations in Paragraph 46.

47.    BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the same.

48.    BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies the same.

49.    BABW is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the same.

50.    The allegations in Paragraph 50 are legal conclusions to which BABW is not required to respond. To the extent a response is deemed required, BABW states that the TCPA and its regulations speak for themselves, are the best evidence of their respective contents, and BABW denies any allegations or characterizations inconsistent therewith. BABW denies any remaining allegations in Paragraph 50.

51.    BABW denies the allegations that it knowingly and willfully (or otherwise) violated the TCPA or its regulations. BABW lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 51, and therefore denies the same.

52.    The allegations in Paragraph 52 are not factual allegations to which BABW is required to respond. To the extent a response is deemed required, BABW denies that Plaintiff and any putative class members are entitled to a judgment of any kind against BABW for any relief or damages whatsoever. BABW denies any remaining allegations in Paragraph 52.

## "PRAYER FOR RELIEF"

BABW denies that Plaintiff and the putative class are entitled to any relief, damages, awards, fees, costs, judgments, or rulings from or against BABW, including, the relief purportedly

requested in subparagraphs a. through g. of the "PRAYER FOR RELIEF" section of the Complaint.

BABW denies each alleged violation of law by BABW and also denies each and every allegation in the Complaint that is not specifically answered otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

While continuing to deny the material allegations of Plaintiff's Complaint, BABW asserts the following affirmative and additional defenses, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable law and without conceding that Plaintiff is entitled to recover on any of his claims. By raising the defenses herein and alleging facts in support thereof, BABW does not assume the burden of proof as to any issues or facts that fall within the scope of Plaintiff's claims, nor does BABW concede that, by pleading issues or facts herein, that such issues and facts are relevant exclusively to affirmative defenses. Such issues and facts may also serve to negate the elements of Plaintiff's claims on which Plaintiff bears the burden of proof.

## FIRST DEFENSE

Plaintiff's Complaint fails to state any claims upon which relief can be granted against BABW, because BABW's conduct, as alleged, does not violate the TCPA or its regulations. By way of example, and without limitation, the Complaint does not allege facts sufficient to plausibly establish that Plaintiff is a "residential telephone subscriber," that Plaintiff registered his telephone number on the national do-not-all registry during the relevant time(s), or that the text messages Plaintiff allegedly received are "telephone solicitations" within the meaning of the TCPA and its regulations.

## SECOND DEFENSE

Plaintiff's claims, and the claims of any putative class members, fail or are barred, in whole or in part, to the extent that BABW had a personal relationship with any alleged recipient of any text messages, or prior express invitation or permission to send the alleged text messages.

## THIRD DEFENSE

Plaintiff's claims, and the claims of any putative class members, fail or are barred, in whole or in part, to the extent that BABW had an existing established business relationship with the alleged recipient of any text messages, including Plaintiff and/or any putative class member, said established business relationship involving a prior or existing relationship formed by a voluntary two-way communication between BABW and the alleged text recipient on the basis of either the recipient's purchase or transaction with BABW within the eighteen months immediately preceding the date of the alleged message, or the recipient's inquiry or application regarding products or services offered by BABW within the three months immediately preceding the alleged message.

## FOURTH DEFENSE

Plaintiff's claims, and those of the putative class, must be dismissed, as neither the Plaintiff nor any absent class members, have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims purportedly alleged in the Complaint.

## FIFTH DEFENSE

Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose, including, without limitation, as to any messages allegedly sent or received outside the applicable limitations period.

## SIXTH DEFENSE

The claims of Plaintiff and/or the putative class members are barred or fail, in whole or in part, because and to the extent that BABW established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of applicable TCPA regulations.  By way of example, and without limitation, BABW exercised due care to establish and implement reasonable practices and procedures for: (a) sending messages, if any, to persons that have an established business relationship with BABW; and/or (b) obtaining prior express invitation or permission from any person to whom BABW may have sent any text messages, including, among other things: (i) when acquiring a telephone number from an individual, obtaining the individual's agreement that BABW may send them certain messages, including offers and updates, using the number provided; (ii) for some or all of the those persons who provided telephone numbers to BABW and agreed to receive messages from BABW, first requesting that those persons confirm via text message that they would like to receive messages from BABW, including offers and updates, before BABW sends any such messages to them; (iii) providing a method for recipients of any messages to request that BABW stop sending them further messages, if they wish to cancel or revoke their prior agreement to receive messages from BABW; and (iv) applying measures reasonably calculated under the circumstances to stop or avoid sending messages to individuals who cancel or revoke their prior agreement to receive messages from BABW.

## SEVENTH DEFENSE

Plaintiff, and/or the putative class members, are equitably estopped from asserting their claims, in whole or in part, to the extent that BABW reasonably relied on the conduct, representations, and/or omissions of the Plaintiff and/or putative class members, to the detriment

of BABW, including, for example and without limitation, by relying on any recipient's consent and/or prior express invitation or permission to receive messages from BABW.

## EIGHTH DEFENSE

By and through their conduct, representations, and omissions, Plaintiff and/or the putative class members have waived, relinquished, and/or abandoned some or all of their purported claims against BABW.

## NINTH DEFENSE

Plaintiff's and the putative classes' alleged claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and/or waiver, including, for example and without limitation, to the extent that any unreasonable delay in the assertion of any purported claims prejudices BABW.

## TENTH DEFENSE

BABW is not liable for any alleged violation of the TCPA or its regulations, and any alleged violation found to have occurred, which BABW expressly denies, was not knowing, willful, or intentional, but instead resulted from a good faith error, which BABW's practices, procedures, and/or policies were reasonably adapted to avoid.

## ELEVENTH DEFENSE

Any alleged injuries and/or damages purportedly sustained by Plaintiff or members of the putative classes are the result of conduct of one or more third parties over whom BABW has no dominion or control, and for whose actions BABW is not responsible or liable.

## TWELFTH DEFENSE

The claims of Plaintiff and/or the putative class members fail, in whole or in part, to the extent that the alleged text messages BABW allegedly sent Plaintiff or any putative class members,

if any, were not "telephone solicitations" within the meaning of the TCPA and applicable regulations, because the purported recipients consented to receive any such text messages, gave prior express invitation or permission to BABW, and/or had an existing established business relationship with BABW.

## THIRTEENTH DEFENSE

Plaintiff's claims, and the claims of any putative class members, are barred, in whole or in part, to the extent that any purported violation of the TCPA was the result of an error, and to the extent that BABW, as part of its routine business practice, established and implemented written procedures to comply with and/or avoid any violation of the TCPA and/or national do-not-call rules, trained personnel in such procedures, maintained and recorded a list of telephone numbers that BABW may not contact, used a process to prevent telephone solicitations to any telephone number on any list established pursuant to do-not-call rules and maintained records documenting that process, and used a process to ensure that it properly accessed any relevant do-not-call data and did not use the national do-not-call database, or any part thereof, for any improper purpose.

## FOURTEENTH DEFENSE

Plaintiff's claims, and the claims of any putative class members, are barred, in whole or in part, to the extent that they have made statements or taken actions which would estop them from asserting such claims, including, but not limited to, providing their telephone numbers to, or having an established business relationship with, BABW at or before the time the alleged text messages were made, or by responding to the alleged text messages, thereby acquiescing in or consenting to such communications.

**FIFTEENTH DEFENSE**

Plaintiff's claim, and the claims of any putative class members, are barred by Article I, Section 8 of the Constitution of the State of Missouri as well as the First Amendment of the United States Constitution because the TCPA and its applicable regulations are an impermissible restraint on commercial speech in that they do not serve a significant government interest, do not directly advance any government interest(s) asserted, and restrict commercial speech that is neither misleading nor in service of unlawful activity.

**SIXTEENTH DEFENSE**

Plaintiff's claims, and the claims of any putative class members, are barred under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the United States Constitution because the TCPA and its regulations purport to prohibit certain unsolicited telephone calls or messages for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services, while permitting unsolicited telephone calls or messages made for different purposes that imposes the same purported burden on recipients.

**SEVENTEENTH DEFENSE**

Plaintiff's claim, and the claims of any putative class members, for statutory damages constitute requests for exemplary and/or punitive damages violating the United States Constitution because, among other reasons:

a. The liability that BABW could possibly incur pursuant to the damages claimed by Plaintiff on behalf of the putative class (which BABW denies) are grossly disproportionate to the alleged actual harm, if any, allegedly suffered by any individual putative class member, such that the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution are violated.

15

b.       Plaintiff's claimed statutory damages are criminal in nature, and the rights conferred on defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution are therefore applicable.

c.       Plaintiff's claimed statutory damages constitute a request for and/or imposition of an excessive fine and violation of the Eighth Amendment of the United States Constitution.

d.       Plaintiff's claimed statutory damages constitute a subsequent imposition of punitive-type damages against BABW, and BABW cannot protect against multiple punishments for the same alleged conduct or wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTEENTH DEFENSE

Plaintiff's claims fail because Plaintiff has failed to join necessary parties.

## NINETEENTH DEFENSE

Plaintiff's prayer for attorney fees and costs is barred and should be stricken, as the TCPA does not permit the recovery of attorney fees or costs.

## TWENTIETH DEFENSE

Plaintiff may not maintain this case as a class action, and/or any purported class-wide proceedings would not be the superior method of adjudication under Fed. R. Civ. P. 23, because Congress intended that TCPA claims proceed solely as individual actions.

## TWENTY-FIRST DEFENSE

The Complaint fails to satisfy the requirements of Fed. R. Civ. P. 23 in order to qualify as a class action and this action is not properly maintainable as such, because, among other things: (i) the purported class is not so numerous that joinder of all purported members would be

impractical; (ii) any alleged questions of law or fact are not common to the purported members of the alleged putative class and do not predominate; (iii) the claims and defenses of Plaintiff are not typical to that of any purported members of the alleged putative class; and (iv) Plaintiff will not fairly and adequately protect the interests of the alleged putative class and/or putative class counsel are not adequate representatives for the alleged putative class.

## TWENTY-SECOND DEFENSE

Plaintiff's claims brought on behalf of the putative class, as alleged in paragraph 34 of the Complaint, fail because common questions of law or fact do not predominate over any questions affecting individual members of the putative class. By way of example, and without limitation, the following issues involve individualized inquiries that will predominate over any alleged common questions of law or fact: (i) whether the alleged recipient of the text message was a "residential telephone subscriber" within the meaning of applicable TCPA regulations; (ii) whether the alleged recipient of the text message registered his or her telephone number on the national do-not-call registry at the applicable time(s); (iii) whether the alleged text message was a "telephone solicitation" within the meaning of applicable TCPA regulations; (iv) whether, when, and how each putative class member gave consent and/or prior express invitation or permission to receive a text message, if any, from BABW; and (v) whether, when, and how an established business relationship existed between BABW and each putative class member prior to receiving a text message, if any.

## RESERVATION

BABW reserves the right to assert additional affirmative and other defenses that become known or available during the course of this action.

## JURY TRIAL DEMANDED

BABW demands a trial by jury on all issues so triable.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant Build-A-Bear Workshop, Inc. prays that this Court dismiss Plaintiff's Complaint, in its entirety, with prejudice, award Defendant Build-A-Bear Workshop, Inc. its attorney fees and costs incurred herein, and award Defendant Build-A-Bear Workshop, Inc. such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: October 1, 2021

By:＿＿/s/＿＿＿Edward T. Pivin＿＿＿＿＿
    Philip J. Mackey, #48630MO
    Edward T. Pivin, #64086MO
    Michael Armstrong, #65751MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone: (314) 444-7600
    Facsimile: (314) 241-6056
    pmackey@lewisrice.com
    epivin@lewisrice.com
    marmstrong@lewisrice.com

*Attorneys for Defendant Build-A-Bear Workshop, Inc.*