**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BENJAMIN RUBY, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  No. 4:21-CV-01152 JAR ) |
| BUILD-A-BEAR WORKSHOP, INC., | ) ) |
| Defendant. | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Benjamin Ruby's motion to remand. (Doc. No. 33). The motion is fully briefed and ready for disposition.

Plaintiff filed this putative class action against Defendant Build-A-Bear Workshop, Inc., in the Circuit Court of St. Louis County, Missouri. <u>See</u> <u>Benjamin Ruby v. Build-A-Bear Workshop, Inc.</u>, Case No. 21SL-CC03859 (21st Jud. Cir.). (Doc. No. 5). Plaintiff alleged Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* by, *inter alia*, sending him and others unwanted text messages. Defendant removed the case to this Court on September 24, 2021 based on federal question subject matter jurisdiction. (Doc. No. 1). Plaintiff did not oppose removal, and the parties proceeded with discovery. Plaintiff filed an amended class action complaint on April 20, 2022. (Doc. No. 24). Defendant filed an answer to Plaintiff's amended complaint in which it raised an affirmative defense challenging Plaintiff's standing. (<u>See</u> Doc. No. 32 at 13) ("Plaintiff's claims, and those of the putative class, must be dismissed, as neither the Plaintiff nor any absent class members, have suffered an injury-in-fact,

1

and therefore, lack standing to assert or pursue the claims purportedly alleged in the Complaint.").

In support of remand, Plaintiff argues that Defendant's affirmative defense, together with its discovery responses denying that Plaintiff has suffered an injury-in-fact, an essential component of Article III standing, creates doubt as to whether Defendant has met its burden of establishing this Court's subject matter jurisdiction, and that any doubts about federal jurisdiction must be resolved in favor of remand. See Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007). Notably, Plaintiff does not contend that he lacks standing or that he did not suffer any injury. Indeed, he has alleged in his amended complaint and discovery responses that he suffered injuries as a result of receiving at least six unwanted text messages from Defendant, including aggravation and annoyance, intrusions, and interference with his use and enjoyment of his cell phone. (Doc. No. 24 at ¶ 32; Doc. No. 37-5 at 14, Interrogatory No. 18). In his initial disclosures, Plaintiff states that he "intends to testify at deposition and trial regarding the extent of the emotional distress [he] has sustained," and that he will make available "materials bearing on the nature and extent of injuries suffered." (Doc. No. 37-1 at 2). Plaintiff has not yet been deposed. Thus, his alleged injuries remain subject to further discovery.

In opposition to Plaintiff's motion, Defendant argues that raising the lack of standing as an affirmative defense does not trigger remand, nor is it dispositive on the issue of standing where, as here, Plaintiff has repeatedly asserted that he has suffered injuries, discovery is ongoing, and Defendant has not moved to dismiss Plaintiff's claim for lack of standing. See Associated Mgmt. Srvcs., Inc. v. Capstan Healthcare, LLC, No. 4:19-CV-01841, 2019 WL 5213330, at *1 (E.D. Mo. Oct. 15, 2019). Alternatively, Defendant argues that numerous courts, including district courts in the Eighth Circuit, have ruled that receipt of one or more unwanted

text messages satisfies the injury-in-fact requirement for purposes of Article III standing. Plaintiff replies that Defendant cannot ask this Court to find it has jurisdiction over this dispute while at the same time affirmatively asserting that he lacks standing. (Doc. No. 38 at 1).

Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Noel v. Laclede Gas Co., 612 F. Supp. 2d 1051, 1057 (E.D. Mo. 2009) (citing Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 12 (2003) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). In removing this case to federal court, Defendant asserted correctly that jurisdiction was proper pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under federal law, namely, the TCPA. The fact that Defendant has raised lack of standing as an affirmative defense does not deprive this Court of jurisdiction under 28 U.S.C. § 1331. Defendant's affirmative defense challenges Plaintiff's standing to bring a claim under the TCPA and his ability to identify a compensable injury, not Plaintiff's Article III standing or this Court's jurisdiction. For these reasons, Plaintiff's motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [33] is **DENIED.**

Dated this 21st day of July, 2022.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

3