UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN RUBY, individually and on behalf of all similarly situated individuals, | Case No. 4:21-cv-01152-JAR |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR STATUS CONFERENCE AND TO STAY DEADLINE FOR MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| BUILD-A-BEAR WORKSHOP, INC., | |
| Defendant. | |

With leave from this Court and in accordance with Paragraph 4 of this Court's practice guidelines, Plaintiff respectfully requests a status conference and that the upcoming March 10, 2023 deadline for filing of a motion for preliminary approval of a class action settlement be stayed. The grounds for the status conference and stay are as follows.

1. With the assistance of mediator Bradley Winters, Esq., the parties reached a class action settlement in principle on October 15, 2022.

2. Following the settlement in principle, the parties proceeded with efforts to reduce their settlement to a formal written settlement agreement:

    a. Plaintiff e-mailed a proposed written settlement agreement to Defendant on November 3, 2022.

    b. Defendant rejected this draft and countered with its own proposed settlement agreement on December 24, 2022.

    c. On January 18, 2023, Plaintiff responded with several edits to material terms.

      d.      Defendant replied with additional comments and proposed edits on February 14, 2023.

      e.      During a call on February 27, 2023, the parties discussed the settlement agreement and the terms that remained in dispute.

      f.      On or around February 28, 2023, Plaintiff submitted a revised draft of the settlement agreement to Defendant.

      g.      Defendant responded with another revised draft on March 3, 2023. In an e-mail later that day, Plaintiff acknowledged that the parties had agreed on all but a single settlement term.

3.      The disputed term goes to whether and when Defendant must disclose identifying information for class members to Plaintiffs' counsel.

      a.      Defendant takes the position that it has no obligation to disclose class members' names and other identifying information to opposing counsel. In the alternative, Defendant has proposed that such disclosures be delayed until after the period closes for class members to request exclusion from the class.

      b.      Plaintiff takes the position that counsel must have class members' names and other identifying information to discharge their duties to class members. The proposed notices state that, if class members have questions about their rights or the proposed settlement, they can contact class counsel. Without names and other identifying information, class counsel cannot determine whether any individual is a class member or if they are, what their rights or relief may be.

      c.      This disputed term was not part of the parties' October 15 settlement in principle. Defendants first proposed limitations on the disclosure of class members' identifying information in its December 24 draft. Plaintiff has not objected to Attorney Eyes Only designations or other measures to govern the use and confidentiality of such information.

4.     Once a class is certified, class members become clients of class counsel. *Manual for Complex Litigation* § 21.33 (4th ed. 2004); *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1439-40 (9th Cir. 1984); *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, No. 18-1921, 2020 WL 4789873 at *3 (D. Or. May 29, 2020); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-6950, 2018 WL 3869886 at *3 (S.D.N.Y. July 4, 2018).

5.     To effectively respond to class members' inquiries about court-authorized notice under Rule 23(c), and to effectively discharge their duties to class members under Rule 23(g)(4), class counsel needs reasonable access to class members' contact information. By demanding class action settlement terms that deny such access, Defendant violates these rules and interferes with class counsel's obligations under those rules. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 94-95 ("[T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules."); *Domingo*, 727 F.2d at 1439-40 ("[T]he policies weighing in favor of communications restrictions after the class have been certified are much less compelling than before certification."); *Chen-Oster*, 2018 WL 3869886 at *3 (finding that "withholding contact information effectively does" limit communications with class counsel).

6.     This issue has led to an impasse between the parties. Plaintiff and his counsel cannot agree to a class action settlement that violates the Civil Rules or that materially interferes with the

professional obligations of class counsel. Plaintiff believes this Court's input is needed to resolve this impasse. Once this impasse is resolved, the parties have agreement on all other material terms, and Plaintiff can promptly proceed with a motion for preliminary approval of the class action settlement.

7.	In an e-mail on March 6, 2023, Plaintiff advised Defendant he would be seeking further relief from this Court. Through an e-mail on March 7, 2023, Plaintiff asked Defendant whether it would consent to this motion for a status conference and to stay the March 10 deadline. While it disagrees with the form and presentation of this motion, Defendant agrees to a status conference and a stay of the deadline.

Based on the foregoing, Plaintiff respectfully asks this Court to issue an order setting this matter for a status conference and staying the March 10, 2023 deadline for a motion for preliminary approval of the class action settlement.

Dated March 8, 2023.

**/s Scott Moriarity**
Shawn J. Wanta, *pro hac vice*
Scott Moriarity, *pro hac vice*
WANTA THOME PLC
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
612-252-3570
sjwanta@wantathome.com
samoriarity@wantathome.com

David T. Butsch, No. MO37539
Christopher E. Roberts, No. MO61895
231 South Bemiston Avenue, Suite 260
Clayton, MO 63105
314-863-5700
butsch@butschroberts.com
roberts@butschroberts.com

*ATTORNEYS FOR PLAINTIFF BENJAMIN RUBY*

4