UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN RUBY, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:21-cv-01152-JAR |
| BUILD-A-BEAR WORKSHOP, INC. | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF BENJAMEIN RUBY'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

COME NOW Plaintiff Benjamin Ruby, by his undersigned counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for his Motion for Preliminary Approval of Class Action Settlement, states:

1.      Following litigation, mediation and extended negotiations, the parties have reached a settlement in this matter.

2.      Plaintiff Benjamin Ruby brings a class claim against Defendant Build-A-Bear Workshop, Inc. asserting claims against Defendant for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. and certain regulations promulgated thereunder, including 47 C.F.R. §§ 64.1200(c)(2) and 64.1200(d) (collectively, the "TCPA");

3.      The Parties request the certification of the following settlement class:

> all natural persons residing in the United States who received two or more text messages from, or on behalf of, Defendant within a 12-month period during the Class Period for the purpose of encouraging the purchase of property, goods, or services, after revoking consent

to receive such text messages from Defendant, including by texting "Stop" or "Quit," in whole or in part, in response to a prior text message from, or on behalf of, Defendant. Excluded from the Settlement Class are the following: (i) Defendant's employees; (ii) the Court; and (iii) any member of the Court's staff or immediate family.

5.  The Parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement and Release executed by the parties (Moriarity Decl., Ex. A).

6.  Counsel for the Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, including a mediation session conducted August 16, 2022, before mediator Bradley A. Winters of JAMS, the Plaintiff and Defendant reached a settlement.

7.  As more fully detailed in the Settlement Agreement, Defendant has agreed to settle this action as follows:

(a)  Total Payment. Defendant will pay the total sum of $4,100,000 in settlement of the class claims, to be allocated on a pro-rata basis among class members as described below, following the payment of settlement administration, attorneys' fees and expenses; and,

(b)  Payments to Class Members. Settlement Class Members will not have to submit a claim to be eligible for payment. Each member of the Settlement Class Member will be entitled to a payment calculated by dividing the fund available for distribution by the number of actionable text messages, subject to a $500 limit per text. Funds remaining after all claims and other costs have been paid will not revert to Defendant.

2

8.      Plaintiff Benjamin Ruby seeks to be appointed as representative of the settlement class.  He has no interests antagonistic to class members and will protect the interests of the settlement class. Butsch Roberts & Associates LLC and Wanta Thome PLC seek to be appointed as counsel to the settlement class.  The firms have significant experience in class litigation and will protect the interests of the class. (Moriarity Decl., Ex. B, Wanta Thome Biography; Ex. H; Declaration of David T. Butsch).

9.      Plaintiff Benjamin Ruby will request an incentive award of up to $7,500 for his service as class representative. Counsel for the Settlement Class will submit a fee application, requesting up to one-third of the settlement amount, or up to $1,366,530.00.  The amount sought may be less. Counsel will also seek recovery of litigation expenses.

10.     The parties have agreed to retain Atticus Claims Administration (wwwatticusadmin.com), a nationally recognized settlement administration service, with extensive experience in the administration of class action settlements, including TCPA class actions.

11.     The parties request that the Court approve the form of the direct mail and email notice (Moriarity Decl., Exs. C and D).  The direct mail notice will be sent by U.S. mail to the last known address of those class members for whom the claims administrator can obtain an address. For those class members for whom the Settlement Administrator has an email address. The Settlement Administrator will also establish a dedicated settlement website and provide automated telephone support to address class member inquiries.

12.     Defendant denies it violated the TCPA in any respect and denies liability for the claims alleged in this action.  Defendant, however, considers it desirable that this action and the

3

claims alleged in this action be settled, provided that the settlement is not intended to be, and should not be construed as an admission of liability in any respect.

13. The settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and is in the best interests of the Class.

14. Simultaneously with this motion, Plaintiff submits his memorandum in support of his motion for preliminary approval of settlement which is incorporated by reference herein.

WHEREFORE, the parties request that this Court enter an order[1] to the Settlement Agreement which:

(a) Grants preliminary approval of the proposed settlement;

(b) Certifies the proposed settlement class;

(c) Appoints Benjamin Ruby as class representative and David Butsch and Chris Roberts of Butsch Roberts & Associates LLC and Shawn Wanta and Scott Moriarity of Wanta Thome PLC as counsel to the settlement class;

(d) Approves Atticus Administration as the settlement administrator;

(e) Directs the mailing of direct mail notice and dissemination of the direct email notice to occur within thirty (30) days following the Settlement Administrator's receipt of the class list;

(f) Provides class members up to sixty (60) days from the date of notice to object to or opt-out of the proposed settlement;

---

[1] A proposed order is attached as Exhibit F to the declaration of Scott Moriarty.

(g)     Schedules a date for hearing for final approval and hearing on Plaintiffs' application for attorneys' fees and costs that complies with the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §1715(b);[2] and,

(h)     grants such further relief as the Court deems just and proper in the premises.

Dated March 24, 2023.

/s/   Scott Moriarity
Shawn J. Wanta (admitted *pro hac vice*)
Scott Moriarity (admitted *pro hac vice*)
WANTA THOME PLC
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
samoriarity@wantathome.com
sjwanta@wantathome.com

David T. Butsch #MO37539
Christopher E. Roberts #MO61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff Benjamin Ruby

---

[2]  CAFA requires a defendant to provide notice to state and/or federal authorities within 10 days of the filing of this motion and proposed settlement, and requires the fairness hearing to be held not earlier than 90 days after that notice is provided. 28 U.S.C. § 1715(b).