IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN RUBY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUILD-A-BEAR WORKSHOP, INC.<br><br>Defendant. | Case No. 4:21-cv-01152-JAR |

## PRELIMINARY APPROVAL ORDER

The Court has been advised that Benjamin Ruby ("Plaintiff") and Build-A-Bear Workshop, Inc. ("Defendant") (collectively, the "Parties"), have agreed, subject to this Court's approval, to settle this action on the terms and conditions set forth the Settlement Agreement and Release (the "Settlement Agreement").

**NOW THEREFORE**, based upon the Motion for Preliminary Approval of Class Action Settlement and the Settlement Agreement with accompanying exhibits, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, the Court **HEREBY ORDERS**, **ADJUDGES**, and **DECREES** as follows:

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this is a civil action in which Plaintiff asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA").

2. The Parties have agreed to settle this action on a class-wide basis based on the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court.

3. The Settlement Agreement confers substantial benefits upon the Settlement Class, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, class certification, trial, and potential appeal.

4. The Court has carefully reviewed the Settlement Agreement and all attached exhibits, the pleadings, filings, and other proceedings that have occurred to date in this action, and the Motion for Preliminary Approval with its accompanying exhibits.  Capitalized terms herein shall have the meanings given to them in the definitions of the Settlement Agreement, which definitions are incorporated herein by reference.

5. Pursuant to FED. R. CIV. P. 23, this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of persons (the "Settlement Class"):

> All natural persons residing in the United States who received two or more text messages from, or on behalf of, Defendant within a 12-month period between September 24, 2017 and March 28, 2023, for the purpose of encouraging the purchase of property, goods, or services, after revoking consent to receive such text messages from Defendant, including by texting "Stop" or "Quit," in whole or in part, in response to a prior text message from, or on behalf of, Defendant.

Excluded from the Settlement Class are Defendant's employees, the Court, as well as any member of the Court's staff and their immediate families.

6. Pursuant to FED. R. CIV. P. 23, the Court preliminary appoints, for settlement purposes only, Plaintiff Benjamin Ruby as Class Representative, and attorneys David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC, and Shawn J. Wanta and Scott A. Moriarity of Wanta Thome PLC as Class Counsel, whom the Court preliminary finds are competent and capable of exercising their responsibilities as Class Counsel for purposes of settlement.

7. The Court preliminary finds, for settlement purposes only, and conditioned upon entry of a Final Approval Order and Judgment, that this action satisfies the requirements for class certification under FED. R. CIV. P. 23, specifically:

(a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members, and those questions of law and fact predominate over individual questions;

(c) Plaintiff's claims are typical of the claims of the Settlement Class Members for purposes of settlement;

(d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class Members, and will continue to do so; and

(e) class treatment of the claims in the action for settlement purposes will be efficient and manageable, such that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

8. Given that the matter is being resolved by settlement rather than trial, the Court does not consider, and need not consider, whether trial of the action would present intractable management problems. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citing FED. R. CIV. P. 23(b)(3)(D)). In reaching its findings, the Court has exercised its discretion in conditionally certifying the Settlement Class for settlement purposes only.

9. The Settlement Agreement, including all exhibits thereto, is preliminarily approved in all respects as fair, reasonable, adequate, and in the best interest of the Settlement Class Members, insofar as, among other things: (i) Class Representative and Class Counsel have adequately represented the Settlement Class; (ii) the Settlement Agreement was extensively negotiated at arm's-length; (iii) the benefits and relief to the Settlement Class are substantial, taking into account, among other considerations—the costs, risks, delays, and uncertainties associated with continued litigation, class certification, trial, and potential appeal, the effectiveness

of any proposed method of distributing relief to the class, including the method of processing claims of Settlement Class Members, and the terms of any proposed award of attorney's fees and costs, including timing of payment; and (iv) the Settlement Agreement treats Settlement Class Members equitably relative to each other.

10. Upon recommendation of the Parties, the Court appoints Atticus Administration, LLC to serve as the Settlement Administrator. Atticus Administration, LLC shall administer the settlement and provide notice to the Settlement Class Members pursuant to this Order and in accordance with the terms and conditions of the Settlement Agreement. All costs related to the administration of the settlement shall be paid out of the Settlement Fund.

11. The Court approves the form and substance of the Address Form, Direct Mail Notice, and Direct Email Notice, which were attached to the Settlement Agreement as Exhibits 2 through 4, respectively.

12. The Court finds that the form and method of notice proposed by the Parties: (i) meets the requirements of Fed. R. Civ. P. 23(c); (ii) satisfies the requirements of due process; (iii) constitutes the best notice practicable under the circumstances; (iv) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (v) is reasonably calculated to apprise the Settlement Class Members of their rights under the Settlement Agreement.

13. Defendant shall within ten (10) days of this Order provide the Settlement Class List to the Settlement Administrator, and shall provide the Settlement Class List to Class Counsel no later than five (5) days after the Notice Date. The Settlement Class List shall be designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulation for Protective Order entered by the Court on March 17, 2022.

    (a) The Settlement Administrator shall keep all information in the Settlement Class List strictly confidential and shall use it solely for

        the purpose of administrating the Settlement. Under no circumstances shall the Settlement Administrator call or send text messages to Settlement Class Members.

    (b)    Class Counsel shall treat and keep all such information within the Settlement Class List as strictly confidential and shall use it solely for purposes of responding to inquiries from Settlement Class Members during the Notice period as to their rights under the Settlement, all as required by, and consisting with the terms of, the Stipulation for Protective Order.

    (c)    In addition to and separate from any obligations pursuant to the Stipulation for Protective Order, Settlement Administrator and Class Counsel shall return or destroy the Settlement Class List within ten (10) days following either: (i) the Final Distribution Date, or (ii) the termination of the Settlement Agreement.

14.    Defendant shall serve written notice of the Settlement Agreement on the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

15.    Within a reasonable time after receipt of the Settlement Class List, not to exceed thirty (30) days, the Settlement Administrator shall provide notice of the Settlement to Settlement Class Members as set forth in this Order.

16.    For those members of the Settlement Class for whom the Settlement Administrator has a valid mailing address either from the Settlement Class List or through other reasonable and appropriate means consistent with accepted industry standards, including, but not limited to, the use of information associated with a Settlement Class Member's cellular phone number, as provided in the Settlement Class List (provided that the Settlement Administration shall not, under any circumstances, call or send text messages to Settlement Class Members), the Settlement Administrator shall mail the Direct Mail Notice via U.S. mail in substantially the form attached as Exhibit 3 to the Settlement Agreement. The date on which the Settlement Administrator first mails direct mail notice shall be the "Notice Date."

17.    For any Direct Mail Notice that is returned as undeliverable within twenty-one (21) days after initial mailing, the Settlement Administrator shall attempt to locate a new mailing

5

address through an address search or any other reasonably available means.  If a new address is located, the Settlement Administrator shall promptly re-mail the Direct Mail Notice.  If, after a second mailing, the Direct Mail Notice is again returned, no further efforts need be taken by the Settlement Administrator to send the Direct Mail Notice.  The Settlement Administrator shall not, under any circumstances, call or send text messages to Settlement Class Members.

18. On or before the Notice Date, for those Settlement Class Members for whom no valid mailing address is reasonably available but where the Settlement Class List includes a valid e-mail address, the Settlement Administrator shall send the Direct Email Notice in substantially the form attached as Exhibit 4 to the Settlement Agreement via e-mail using the e-mail address provided in the Settlement Class List.  The Settlement Administrator shall conduct a reverse e-mail address lookup for any invalid or inactive e-mail addresses.

19. On or before the Notice Date, the Settlement Administrator shall create and operate a functioning website that shall contain the information set forth in the Direct Mail Notice and Direct Email Notice, and any reasonable additional information regarding administration of the Settlement agreed upon by the Parties.  The Settlement Website shall also contain downloadable copies of this Settlement Agreement and its exhibits, Class Counsel's motions for Class Counsel's Fees and Class Counsel's Expenses, and any subsequent notices or documents agreed to by the Parties or ordered by the Court.  The website shall be maintained until the Final Distribution Date.

20. On or before the Notice Date, the Settlement Administrator shall also: (i) establish a toll-free telephone number for receiving toll-free calls related to the Settlement; (ii) establish a fax number for receipt of Address Forms, opt-out notices, and any other correspondence related to the Settlement; (iii) secure and maintain a Post Office Box or similar mailing address for the receipt of Address Forms, opt-out notices, and any other correspondence related to the Settlement; and

6

(iv) establish a unique, case-specific e-mail address for online receipt of Address Forms, opt-out notices, and any other correspondence related to the Settlement.

21. No later than seven (7) days after the Notice Date, the Settlement Administrator shall provide the Parties an affidavit stating that the notice required by the Settlement Agreement has been completed in accordance with the terms of the Preliminary Approval Order, along with a report incorporated therein providing such additional information as may be requested by counsel for the Parties.

22. Any Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth below shall be excluded:

    (a) Settlement Class Members wishing to opt-out of the Settlement must send a written request to be excluded from the Settlement to the Settlement Administrator by fax, U.S. Mail, email, or electronically via the Settlement Website by no later than July 7, 2023. Any request for exclusion sent to the Settlement Administrator by U.S. mail must be postmarked on or before this date.

    (b) Any request to be excluded from the Settlement Class must include the Settlement Class Member's name, address, and cellular telephone number, and must provide a clear statement communicating that the Settlement Class Member elects to be excluded from the Settlement Class and does not wish to be a Settlement Class Member.

23. All persons who properly elect to opt-out of the Settlement in accordance with these procedures shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Settlement Agreement. Any Settlement Class Members who do not timely comply with all requirements for opting out shall be bound by all terms of Settlement Agreement and the Court's Final Approval Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

24. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement shall follow the procedures set forth below in order to assert an objection:

(a) The objection must be submitted in writing to the Court no later than July 7, 2023 and simultaneously served on Class Counsel and counsel for Defendant at the respective addresses set forth in the Settlement Agreement.

(b) The written objection must be signed by the Settlement Class Member making it or by his or her counsel, and state the Settlement Class Member's full name, current address, cellular telephone number, the reasons for the objection, whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has appeared to object to a class-action Settlement in the last five (5) years.  Any documents supporting the objection must also be attached to the objection, and if the Settlement Class Member intends to call witnesses at the Final Fairness Hearing, those witnesses must be identified, including providing each witness's name, address, and cellular telephone number.

(c) Any Settlement Class Member who has timely filed a written objection may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.  A Settlement Class Member or his or her attorney intending to make an appearance at the Final Fairness Hearing must file a notice of appearance with the Court no later than the Objection Deadline, and serve a copy of such notice of appearance on counsel for all Parties.

(d) The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the action, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond and must appear for deposition within fourteen (14) days, if a deposition is noticed.  Settlement Class Members who fail to timely file and serve written objections, or fail to respond to written discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from

      making any objection, whether by appeal or otherwise, to the Settlement.

  (e)    Any Settlement Class Member who fails to comply with the provisions of this Order shall waive and forfeit any and all rights to appear separately and to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in this action.

25.    The Settlement Administrator shall, subject to entry of a Final Approval Order and Judgment, prepare to make settlement distributions to Qualified Settlement Class Members in accordance with the terms and conditions of the Settlement Agreement, including as follows:

  (a)    Each Settlement Class Member for whom the Settlement Administrator has a valid mailing address, and who does not timely and validly request exclusion from the Settlement, shall receive a settlement distribution in accordance with the terms and conditions of the Settlement Agreement, without having to submit a claim or any other form to the Settlement Administrator.

  (b)    Each Settlement Class Member for whom the Settlement Administrator does not have a valid mailing address but does have a valid email address, and who does not timely and validly request exclusion from the Settlement, must submit an Address Form, substantially in the form attached as Exhibit 2 to the Settlement Agreement, to the Settlement Administrator by July 7, 2023 in order to be eligible to receive a settlement distribution under the Settlement Agreement.

26.    Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all Settlement Class Members, unless and until they have timely and properly opted out of the Settlement, from commencing or prosecuting, directly or indirectly, separate actions against Defendant asserting any of the Released Claims.

27.    The Court will conduct a Final Fairness Hearing on **September 6, 2023 at 11:00 a.m.,** at the United States District Court for the Eastern District of Missouri, Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, Missouri 63102.

9

28. Attendance at the Final Fairness Hearing is not necessary. Members of the Settlement Class need not appear at the hearing or take any further action to indicate their approval of the Settlement. Settlement Class Members who wish to be heard are required to appear at the final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to Settlement Class Members. After the Final Fairness Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members who have not timely and properly opted out of the Settlement with respect to the claims being settled.

29. Class Counsel shall file, no later than thirty (30) days prior to the deadline for Settlement Class Members to assert objections to the Settlement, a motion, with supporting memorandum, in support of their request for Class Counsel's Fees and Expenses, and the request for a Class Representative Service Award to Plaintiff. Any memorandum in opposition shall be filed thirty (30) days after the motion is filed, and reply briefs, if any, shall be filed fourteen (14) days after filing of the opposition.

30. No later than twenty-one (21) days prior to Final Fairness Hearing, the Parties shall move the Court for entry of the Final Approval Order and Judgment, with Class Counsel filing a memorandum in support of the motion. Any memorandum addressing objections to the Settlement, if any, shall also be filed by this date.

31. All proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

32. The dates and deadlines herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

33. Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendant or any Released Party of any alleged or asserted default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any actions or proceedings, whether civil, criminal, or administrative.

34. Class Counsel and counsel for Defendant are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notice documents, and other exhibits to the Settlement Agreement, that they jointly agree are reasonable and necessary.

35. If either Party terminates the Settlement Agreement pursuant to its terms, or the Settlement Agreement is, for whatever reason, not fully and finally approved by the Court, the Settlement Agreement shall be of no force and effect, and the Parties' respective rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.  In addition, this Order and any and all findings and rulings regarding class certification of any kind shall be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant.

Dated this 28th day of March, 2023.

                                                                          **JOHN A. ROSS**
                                                                          **UNITED STATES DISTRICT JUDGE**