UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN RUBY, *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BUILD-A-BEAR WORKSHOP, INC.<br><br>Defendant. | Case No. 4:21CV1152 JAR |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court previously entered a Preliminary Approval Order on March 28, 2023, preliminarily approving the parties' class-action settlement in this matter as fair, reasonable, adequate, and in the best interest of the Settlement Class members, and, among other rulings: appointing attorneys David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC, and Shawn J. Wanta and Scott A. Moriarity of Wanta Thome PLC, as Class Counsel; approving Plaintiff Benjamin Ruby ("Mr. Ruby" or "Plaintiff") as Class Representative; appointing Atticus Administration LLC as Settlement Administrator and directing it to provide notice to the Settlement Class pursuant to the terms and conditions of the Preliminary Approval Order and the Settlement Agreement and Release (the "Settlement Agreement"); finding that the notice plan set forth in the Settlement Agreement meets the applicable requirements of FED. R. CIV. P. 23 and Due Process; and scheduling a Final Fairness Hearing before this Court on September 6, 2023 at 11:00 a.m. (*See* ECF No. 60.)

Pursuant to the Preliminary Approval Order, the Court held a Final Fairness Hearing on September 6, 2023 at 11:00 a.m.  Now before the Court is Plaintiff's motion for final approval of the class-action settlement and Class Counsel's motion for approval of Class Counsel's Fees and

Expenses and the Class Representative Service Award to Mr. Ruby.  The Court heard arguments at the Final Fairness Hearing and has considered all the papers submitted in support of the pending motions, the supporting documents, and the terms of the Settlement Agreement.

        Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

        1.     The Settlement Agreement, including the exhibits thereto, is expressly incorporated by reference into this Final Approval Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Approval Order and Judgment shall have the meanings set forth in the Settlement Agreement.

        2.     The Court has personal jurisdiction over the Parties and all Settlement Class Members, and subject-matter jurisdiction over this action, including, without limitation, jurisdiction to approve the proposed Settlement and the Settlement Agreement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiff's First Amended Complaint in the action, and to dismiss this action on the merits and with prejudice.

        3.     The Court finds, for settlement purposes only and conditioned upon the entry of this Final Approval Order and Judgment and upon the occurrence of the Effective Date, that the requirements for a class action under FED. R. CIV. P. 23(a) and (b)(3) have been satisfied, for settlement purposes, in that:  (i) the number of Settlement Class Members is so numerous that joinder is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Plaintiff are typical of the claims of the Settlement Class which he seeks to represent for purposes of settlement; (iv) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced Class Counsel to represent him; (v) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any

individual Settlement Class Member; and (vi) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. The Court concludes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. In making the findings herein, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

6. Pursuant to FED. R. CIV. P. 23, the Court hereby finally certifies this action for settlement purposes as a class action on behalf of the "Settlement Class," as defined in the Settlement Agreement, namely:

> all natural persons residing in the United States who received two or more text messages from, or on behalf of, Defendant within a 12-month period between September 24, 2017 and March 28, 2023, for the purpose of encouraging the purchase of property, goods, or services, after revoking consent to receive such text messages from Defendant, including by texting "Stop" or "Quit," in whole or in part, in response to a prior text message from, or on behalf of, Defendant.

Excluded from the Settlement Class are Defendant's employees, the Court, any member of the Court's staff and their immediate families, as well as any individual who has elected to opt out of the Settlement Class pursuant to the terms and conditions for exclusion set forth in the Settlement Agreement and Preliminary Approval Order.

7. The Court appoints David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC, and Shawn J. Wanta and Scott A. Moriarity of Wanta Thome PLC as Class

Counsel. The Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel for purposes of settlement.

8. The Court appoints Plaintiff Benjamin Ruby as Class Representative.

9. The Court finds that the Class Representative and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement, and have satisfied the requirements of FED. R. CIV. P. 23(a)(4).

10. The Court finds that the notice provided to Settlement Class Members was in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the submissions filed prior to the Final Fairness Hearing: (a) constituted the best practicable notice to Settlement Class Members under the circumstances of this action; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the binding effect of the orders and Final Approval Order and Judgment (whether favorable or unfavorable) on all persons who do not validly and timely request exclusion from the Settlement Class, and their rights in connection with the Settlement, including their rights to exclude themselves from the Settlement Class and the Settlement, object to any aspect of the Settlement, and appear at the Final Fairness Hearing; (c) constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and (d) fully satisfied the requirements of the FED. R. CIV. P. 23 (including 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable laws.

11. The terms and provisions of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Plaintiff and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal

Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court finds that the Settlement Agreement is fair, adequate, and reasonable based on the following factors, among others:

    (a) there is no fraud or collusion underlying this Settlement, and it was reached after good faith, arm's-length negotiations, warranting a presumption in favor of approval;

    (b) the complexity, expense, and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible;

    (c) based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement; and

    (d) the involvement and support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiff, who has participated in this litigation and evaluated the proposed Settlement.

12. The Settlement provides meaningful relief to the Settlement Class, including the monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

13. The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The Court hereby declares that the Settlement Agreement is binding on all Parties and Settlement Class Members who have not timely and properly opted out of the Settlement, and is to be preclusive in all pending and future lawsuits or other proceedings.

14. As described more fully in the Settlement Agreement, Defendant has agreed to a Settlement Fund from which the Settlement Administrator will pay each Qualified Settlement Class Member an amount based on the number of Actionable Text Message Solicitations sent to the Qualified Settlement Class Member during the Class Period.

15. Members of the Settlement Class were given an opportunity to object to, or opt out of, the Settlement. No members of the Settlement Class submitted objections. One member of the proposed Settlement Class, identified in <u>Exhibit A</u> to this Order, filed under seal, timely and validly opted out of, or sought exclusion from, the Settlement by the date set by the Court, and is therefore not "Settlement Class Member" for purposes of this Order.  Such person does not release that person's claims against the Released Parties by operation of the Settlement Agreement, and will not obtain any benefits of the Settlement.

16. Pursuant to FED. R. CIV. P. 23(h), the Court hereby finds that for the reasons as stated in Class Counsel's Unopposed Motion for Attorneys' Fees, Costs and Service Award, as modified in his Supplement [ECF No. 72], that a Class Representative Service Award of $7,500.00 to Mr. Ruby is reasonable; Class Counsel attorneys' fees in the amount of $1,189,000.00 is reasonable; and litigation costs and expenses in the amount of $15,349.69 is reasonable, all of which amounts shall be paid from the Settlement Fund pursuant to the terms and conditions of the Settlement Agreement.

17. Additionally, and pursuant to the terms and conditions set forth in the Settlement Agreement, the Settlement Administrator shall make all appropriate payments to Qualified Settlement Class Members pursuant to the terms and conditions of the Settlement Agreement, and pay any and all Administration Costs from the Settlement Fund.  Any remaining amounts in the Settlement Fund, including amounts from unclaimed distributions, after all settlement distributions are complete and all Administration Costs are paid, shall be paid to a *cy pres* recipient to be agreed upon by the Parties and approved by the Court.

18. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order and Judgment, shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

19. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiff, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Plaintiff or Settlement Class Members (including but not limited to the Releasing Parties), from: (i) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (ii) bringing a class action on behalf of Plaintiff or Settlement Class Members, seeking to certify a class that includes Plaintiff or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

20. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the administration of the Settlement, shall be: (i) offered by any person or received against Defendant or any other Released Party as evidence, or be construed as or deemed to be evidence, of any presumption, concession, or admission by the Defendant or any other Released Party of the truth of the claims and allegations asserted, or which could have been asserted, by the Plaintiff or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any alleged liability, negligence, fault, or wrongdoing of the Defendant or any other Released Party; or (ii) offered by any person or received against Defendant or any other Released Party as evidence

of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant or any other Released Party or any other alleged wrongdoing by the Defendant or any other Released Party.

21. Certification of the Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate or even possible.  Defendant reserves the right to challenge class certification in any other action.  No agreements or statements made by Defendant in connection with the Settlement, or any findings or rulings by the Court in connection with the Settlement, may be used by Plaintiff, Class Counsel, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this action or any other proceeding of any kind.

22. Without affecting the finality of this Final Approval Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, including, without limitation, for the purpose of:  (i) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Approval Order and Judgment (including, without limitation: whether a person is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Approval Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against the Defendant or any other Released Party); (ii) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and Judgment and the Settlement Agreement (including, without limitation, orders

enjoining persons or entities from pursuing any claims against the Defendant or any other Released Party), or to ensure the fair and orderly administration of the settlement; and (iii) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties, and the Settlement Class Members.

23. Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

24. Should the Effective Date not occur, for whatever reason, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall likewise be vacated and shall become null and void.

25. For all the reasons stated above, and in this Court's Preliminary Approval Order, this Plaintiff's Motion for Final Approval is **GRANTED** [ECF No. 65], and this Action is hereby **DISMISSED WITH PREJUDICE** and without costs as against Defendant and the Released Parties.

26. **IT IS FURTHER ORDERED** that Defendant send a copy of its Memorandum Regarding Opt-Out Request [ECF No. 71] to the class member who requested exclusion from the settlement class.

Dated this 3rd day of October, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**